UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN J. MCCARTHY,<br>   Plaintiff, | : <br> : <br> : | |
| v. | : | Case No. 3:24-cv-1997 (VAB) |
| JOHN DOE AGENTS, et al.,<br>   Defendants. | : <br> : <br> : | |

**RULING AND ORDER**

John J. McCarthy ("Plaintiff") moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 in this civil rights action.

For the reasons that follow, his motion to proceed *in forma pauperis* is **DENIED**.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prisoner Litigation Reform Act requires the denial of Mr. McCarthy's motion to proceed *in forma pauperis* in this case.

Mr. McCarthy has had at least three cases dismissed as frivolous or failing to state a claim: *McCarthy v. Gruendel*, No. 92-2546L (2d Cir. Mar. 10, 1993) (unpublished) (appeal dismissed as frivolous); *McCarthy v. Gruendel*, No. 92-2547 (2d. Cir. Mar. 10, 1993)

(unpublished) (appeal dismissed as frivolous); *McCarthy v. Pardi*, No. 92-2548 (2d Cir. 1993) (unpublished) (appeal dismissed as frivolous); *McCarthy v. Meachum*, No. 2:92cv329 (EBB) (D. Conn. May 13, 1992) (dismissed for failure to state a claim); *McCarthy v. Kupec*, 3:96cv63 (PCD) (D. Conn. Nov. 5, 1996) (dismissing complaint as frivolous). Indeed, Mr. McCarthy has conceded in another case that he is precluded from filing *in forma pauperis* under the three-strikes provision. *McCarthy v. O'Brien*, No. 2:13-CV-70, 2014 WL 795074, at *3 (N.D.W. Va. Feb. 27, 2014) ("The plaintiff admits that he is beyond § 1915's three-strike, and the undersigned's review of his lawsuits confirms that admission.").

Because the three strikes provision applies in this case, Mr. McCarthy may not bring the present action without prepayment of the filing fee, absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[I]ndigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger."). To be excused from this requirement and proceed without prepayment of the filing fee, he must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id*. at 298–99 ("[W]e will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury."). In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296 ("[T]he danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed.").

Mr. McCarthy alleges he signed a "Voluntary Admission Form" involuntarily while in federal custody in Florida, and that he was admitted to Connecticut Valley Hospital ("CVH") without required notice. Compl., ECF No. 1, at 4. He allegedly complained to "the defendant and all CVH staff" that he should be released because he was being held unlawfully at CVH. *Id.* at 5. They allegedly advised Mr. McCarthy that he must seek release by filling out a Desire to Leave Form; but if he did so, a probate action for his involuntary commitment would be filed. *Id.* None of these allegations suggest he is "under imminent danger of serious physical injury" within the meaning of section 1915(g). As result, the exception to the three strikes rule does not apply.

Accordingly, Mr. McCarthy's motion to proceed in forma pauperis, ECF No. 2, is **DENIED**.

If Mr. McCarthy seeks to proceed with this case, he must submit the filing fee within the time allotted.

All further proceedings in the matter shall be held in abeyance until **March 7, 2025**, pending Mr. McCarthy's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 141 Church Street, New Haven, Connecticut, 06510.

Failure to tender the filing fee by **March 7, 2025** will result in this case's dismissal.

**SO ORDERED** at New Haven, Connecticut, this 7th day of February, 2025.

/s/ Victor A. Bolden_____
Victor A. Bolden
United States District Judge